IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY L. ROBINSON, #14000830,** | § | |
| **formerly TDCJ #522182,** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 3:14-CV-2611-L-BK |
| | § | |
| **SHERIFF LUPE VALDEZ, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 21, 2014, Plaintiff, a Dallas County pretrial detainee, filed a *pro se* complaint against Defendants Dallas County Sheriff Lupe Valdez and Officers Ricardo, Carswell, and Sneed, which was automatically referred to the magistrate judge.  *See* 28 U.S.C. 636(b) and *Special Order 3*.  For the reasons that follow, it is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] be denied, and this case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has already accrued three strikes under section 1915(g).  The United States District Courts for the Southern and Western Districts of Texas previously found Plaintiff was barred by three strikes under Texas Department of Criminal Justice (TDCJ) identification

number 522182.  *See Robinson v. Dretke, et al.*, No. 6:06-CV-00117 (W.D. Tex. May 4, 2006) (collecting prior strikes and dismissals under section 1915(g)); *Robinson v. Cockrell, et al.*, No. 4:02-CV-1490 (S.D. Tex. April 29, 2002) (same); *Robinson v. Cockrell, et al.*, No. 4:02-CV-929 (S.D. Tex. Mar. 19, 2002) (same); *Robinson v. Dallas County Sheriff's Dep't, et al.*, No. 4:01-CV-3041 (S.D. Tex. Oct. 1, 2001) (same).  While Plaintiff contends that he does not recall the above cases, he concedes that prior to 2007 he was incarcerated within TDCJ under prisoner identification numbers 452670 and 522182.  [Doc. 7 at 16].[1]

   Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*).  Even when liberally construed, the complaint presents no such claim.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997).  Plaintiff's claims relate to two incidents of excessive use of force, on April 20 and July 3, 2014.  He complains of constitutional violations and seeks monetary damages for his injuries.  [Doc. 3 at 4, 11].  Plaintiff also requests that criminal charges be brought against Defendant Ricardo.  [Doc. 3 at 4, 11].  The Court finds no indication that, as of the filing of the complaint (during the period beginning on the date it was signed, July 7, 2014, and ending on the postmark date, July 17, 2014), Plaintiff was under imminent danger of serious physical injury.  [Doc. 7 at 3-7, 9-12; Doc. 3 at 4].  Plaintiff's answers to the questionnaire are silent about any peril or threat that he may have experienced as of mid-July 2014 when he submitted his complaint for filing.  *Banos*, 144 F.3d at 884.

---

[1] From 2007 until his 2014 arrest, Plaintiff states he was not detained.  [Doc. 7 at 16].

Plaintiff is thus barred from proceeding *in forma pauperis* under section 1915(g). [2]

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] be **DENIED,** and this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee. [3]

**SIGNED** September 16, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff has again failed to list his prior cases and three-strike dismissals on the complaint form [Doc. 3 at 2], and to advise the Court of any prior sanctions again him [Doc. 3 at 4]. *See Robinson v. Dretke, et al.*, No. 6:06-CV-00117 (W.D. Tex. Jun. 1, 2006) (imposing $25 sanction because Plaintiff submitted false and deliberately misleading information in his complaint to circumvent the section 1915(g) bar).

[3] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE